UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUZANNE SWIERC, <br><br> Plaintiff, <br><br> v. <br><br> GEOFFREY S. MEARNS, PRESIDENT OF BALL STATE UNIVERSITY, in his official and individual capacities, <br><br> Defendant. | CASE NO. 1:25-cv-01897-JPH-TAB |

**DEFENDANT GEOFFREY S. MEARNS'
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Geoffrey S. Mearns in his official and individual capacities as President of Ball State University, by and through his undersigned counsel, hereby answers the Complaint filed by Plaintiff Suzanne Swierc. Defendant denies all of the allegations contained in the Complaint unless expressly admitted herein. Defendant answers the allegations in the like-numbered paragraphs of the Complaint as follows:

**Introductory Statement**

1. Defendant admits that Plaintiff worked for Ball State University and that Plaintiff made the statements reflected in a copy of a social media post depicted in paragraph 19 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 1.

Answering further, Defendant states that, on or around September 10, 2025, Plaintiff published a social media post related to the assassination of Mr. Charlie Kirk to more than 1,000 social-media followers, including other members of the Ball State community. In part, Plaintiff's

post stated, "Let me be clear, if you think Charlie Kirk was a wonderful person, we can't be friends" (hereinafter "Plaintiff's social media post"). Plaintiff's social media post was re-shared, with the addition of Plaintiff's Ball State University job title and Ball State University photo. By September 17, 2025, Plaintiff's social media post was viewed over 3.2 million times.

Ball State University students, parents, employees, alumni, prospective students, and parents of prospective students were among those who viewed Plaintiff's social media post and expressed their concerns to the University about Plaintiff's post. The University also fielded a deluge of other complaints, comments, inquiries, and communications from members of the public and the media.

The University's Vice President for Student of Affairs reviewed information related to Plaintiff and the social media post, including the distinctive nature and trust involved in Plaintiff's student-serving leadership position in the University's Division of Student Affairs and the instruction regularly given to senior staff in that division—including the Plaintiff— about the care and caution that is necessary when making statements on social media. The University's Vice President for Student of Affairs also considered the unprecedented level of disruption to the University, including the immediate negative and substantially disruptive impact of the Plaintiff's social media post on the University's students, employees, prospective students, and other constituents. In light of all of this information as well as information that Plaintiff was afforded an opportunity to provide—and did provide— to the University, the Vice President for Student Affairs recommended that the University terminate Plaintiff's employment. Based on that recommendation and Defendant's own review of the relevant information, Defendant decided to terminate Plaintiff's employment. Defendant's decision to do so complied fully with the First Amendment to the United States Constitution and all other laws.

### Jurisdiction, Venue, and Cause of Action

2. The allegation contained in Paragraph 2 states a conclusion of law as to which no response is required. To the extent any response is required, Defendant admits that this Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331. Answering further, Defendant states that 28 U.S.C. § 1343(a)(3) also authorizes jurisdiction of Plaintiff's claims.

3. The allegation contained in Paragraph 3 states a conclusion of law as to which no response is required. To the extent any response is required, Defendant admits that venue is proper in this district.

4. The allegation contained in Paragraph 4 states a conclusion of law as to which no response is required. To the extent any response is required, Defendant admits that Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202 authorize declaratory relief under certain circumstances. Defendant denies that any relief is warranted in this case.

5. Defendant admits that Plaintiff purports to bring a claim pursuant to 42 U.S.C. § 1983. Defendant denies the remaining allegations in Paragraph 5.

### Parties

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies those allegations.

7. Defendant admits the first sentence of Paragraph 7. Defendant further admits that Plaintiff purports to sue Defendant in his official and individual capacities.

### Factual Allegations

8. Defendant admits that Plaintiff was employed by Ball State University in a non-faculty role until September 17, 2025. Defendant denies the remaining allegation contained in Paragraph 8.

9. Defendant admits the first sentence of Paragraph 9. Defendant also admits that, in addition to Plaintiff, three full-time staff members are employed in the Department of Health Promotion and Advocacy. Defendant admits the allegations contained in the last sentence of Paragraph 9. Defendant denies the remaining allegations contained in Paragraph 9. Answering further, Defendant states that as Director of the Office of Health Promotion and Advocacy, Plaintiff worked in close proximity to students serving as graduate assistants within the Office of Health Promotion and Advocacy, and in close proximity to undergraduate students serving as peer wellness ambassadors.

10. Defendant admits that Plaintiff was not a faculty member. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 and therefore denies those allegations. Answering further, Defendant states that Plaintiff regularly and routinely interacted with students and that Plaintiff worked in a student-facing role.

11. Defendant admits the allegations contained in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies them.

13. Defendant admits that, following Mr. Kirk's death, many individuals engaged in discussion on social media and elsewhere. Defendant lacks knowledge or information regarding the contents of those discussions, and therefore denies the remaining allegations contained in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies them.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies them.

18. Defendant denies that Plaintiff's Facebook page was not retrievable by searching for her by name. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and therefore denies them.

19. Defendant admits that on September 10, Plaintiff made the Facebook post depicted in Paragraph 19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, and therefore denies them.

20. Defendant admits that a screenshot of Plaintiff's Facebook post was shared on public-facing social media sites and publicized Plaintiff's affiliation with Ball State University. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 and therefore denies them.

21. Defendant admits the allegations contained in Paragraph 21.

22. Defendant admits the allegations contained in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 regarding the conduct of Attorney General Todd Rokita himself and therefore denies them. Defendant admits that an image of Plaintiff's post is accessible through the "Eyes on Education Portal."

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies them.

25. Defendant admits that on September 12, 2025, Plaintiff scheduled a personal leave day. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and therefore denies them.

26. Defendant admits the allegations contained in Paragraph 26.

27. Defendant admits the allegations contained in Paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's personal knowledge as alleged in Paragraph 28 and therefore denies them.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's personal knowledge as alleged in Paragraph 29 and therefore denies them.

30. Defendant admits the allegation contained in Paragraph 30.

31. Defendant admits the allegation contained in Paragraph 31.

32. Defendant admits that at the September 15, 2025 meeting, Ms. Rubrecht asked about Plaintiff's safety, and that Plaintiff made statements about the privacy settings of her Facebook page, Plaintiff's social media post, how many Facebook friends she had, and what details concerning her Ball State University affiliation she disclosed in her profile. Defendant denies the remaining allegations contained in Paragraph 32.

33. Defendant admits the allegations contained in Paragraph 33.

34. Defendant admits that Plaintiff went to work on September 15 and the morning of September 16. Defendant denies the remaining allegations in Paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore denies them.

36. Defendant admits the allegations contained in Paragraph 36.

37. Defendant admits the allegations contained in Paragraph 37.

38. Defendant admits the allegations contained in Paragraph 38.

39. Defendant admits the allegations contained in Paragraph 39.

40. Defendant admits the allegations contained in Paragraph 40.

41. Defendant admits the allegations contained in Paragraph 41.

42. Defendant admits the first sentence of Paragraph 42. Defendant further admits that in his official capacity as President of Ball State University and based on the recommendation of the Vice President for Student Affairs and his own review of the relevant information, he decided to terminate Plaintiff's employment. Defendant denies the remaining allegations in Paragraph 42.

43. Defendant denies the allegation in Paragraph 43.  Answering further, Defendant states that a copy of the letter described in Paragraph 43 is attached as Exhibit 1 to the Complaint and speaks for itself.

44. Defendant denies the allegation in Paragraph 44.

45. Defendant admits the allegation in Paragraph 45.

46. Defendant admits that Plaintiff's social media post made statements about Charlie Kirk and his death.  The remaining allegations state conclusions of law as to which no response is required.  To the extent any response is required, Defendant denies the allegation.

47. Defendant denies the allegation that Plaintiff's social media post "had nothing to do with her employment."  Defendant admits the remaining allegations in Paragraph 47.

48. Defendant denies the allegation contained in Paragraph 48. Answering further, Defendant states that the termination of Plaintiff's employment occurred for the reasons stated in Exhibit 1 to the Complaint and as explained above in response to Paragraph 1.

49. Paragraph 49's allegations that Plaintiff's social media post was made as a private citizen and not pursuant to any professional duties are legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and therefore denies them.

53. Defendant admits that Defendant acted under color of state law in his capacity as President of Ball State University. Defendant denies the remaining allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

### Legal Claim

55. Defendant denies the allegations contained in Paragraph 55.

### Jury Trial Demand

56. The allegation contained in Paragraph 56 states a conclusion of law as to which no response is required. To the extent any response is required, Defendant admits that Plaintiff has requested a trial by jury on all issues so triable.

### Request for Relief

Defendant admits that Plaintiff seeks the relief described in the numbered Request for Relief paragraphs and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the particular allegations in the Complaint, and without conceding that he bears the burden of proof as to any issue, Defendant asserts the following further defenses to Plaintiff's Complaint:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's interest in speaking as a citizen on a matter of public concern was substantially outweighed by Defendant's interest in preventing disruption to Ball State University's operations and educational mission and providing efficient and effective services to employees, students, alumni, and others.

### Third Defense

Plaintiff did not engage in constitutionally-protected speech.

### Fourth Defense

Plaintiff was not subjected to adverse action by the Defendant that would chill a person of ordinary firmness from engaging in constitutionally-protected speech.

### Fifth Defense

There was no substantial causal relationship between any constitutionally-protected activity and any adverse action.

### Sixth Defense

No constitutionally-protected speech was a motivating factor in Plaintiff's discharge.

**Seventh Defense**

On September 10, 2025, Plaintiff published to more than 1000 people a social media post related to the assassination of Mr. Charlie Kirk.  Plaintiff's decision to post inflammatory comments to over 1000 people including members of the Ball State University community carried a clear risk of amplification and of undue disruption to the University.  Plaintiff's social media post thus predictably and rapidly circulated within the University community and beyond including among current students, parents of current students, employees, parents of prospective students, prospective students, and alumni.  It also shaped public perception of Plaintiff, Plaintiff's role as a student-facing employee who occupied a position of trust at the University, public perception of the University itself, and Plaintiff's social media post unduly disrupted the University's operations.

**Eighth Defense**

Because Plaintiff did not have a clearly established right under the First Amendment to engage in the speech at issue in this case, Defendant is immune from liability under the state and federal doctrines of qualified immunity.

**Ninth Defense**

The Plaintiff's claims for damages are barred, in whole or in part, because they are speculative and uncertain.

**Tenth Defense**

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to mitigate Plaintiff's lost pay and any other alleged damages, for example, by failing to make reasonable efforts to obtain alternative employment. Plaintiff is therefore barred from recovering any damages due to her alleged loss of employment.  Alternatively, to the extent Plaintiff has

mitigated her damages, Plaintiff's recovery must be reduced by the amount of any alternative income or benefits that she received since termination of her employment.

### Eleventh Defense

Punitive damages are barred on the grounds that Defendant took no action with malice, evil motive or intent, or reckless or callous indifference to the Plaintiff's First Amendment and other federally-protected rights. Indeed, Defendant, at all times, endeavored in good faith to comply with the United States Constitution and all other laws and reasonably and correctly believed his actions were entirely lawful.

### Twelfth Defense

Defendant is a state actor and has not waived sovereign immunity. Plaintiff's claims are therefore barred on sovereign immunity grounds.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

***

Defendant reserves the right to assert and does not waive any additional or further defenses as may be revealed during discovery or otherwise and reserves the right to amend this Answer to assert any such defenses.

Dated: October 30, 2025

Respectfully submitted,

/s/ *Eric S. Dreiband*
Eric S. Dreiband
JONES DAY
51 Louisiana Ave., N.W.
Washington, DC 20001
(202) 879-3780
esdreiband@jonesday.com

11

                                          Rebecca S. Beale
                                          JONES DAY
                                          51 Louisiana Ave., N.W.
                                          Washington, DC 20001
                                          (202) 879-3780
                                          rbeale@jonesday.com

                                          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 30, 2025, a true and accurate copy of the foregoing was filed using CM/ECF.

                                          */s/ Eric S. Dreiband*